ACEVEDO v. ANEZ.

APPEAL from the District Court of San Juan.

No. 96.—Decided March 15, 1906.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—In order that the Supreme Court may consider on appeal the evidence taken at the trial, it is necessary that the same be set forth in a bill of exceptions or a statement of facts.

ID.—JUDGMENTS—REVIEW—SUFFICIENCY OF THE EVIDENCE.—In the absence of a bill of exceptions or statement of facts, it will be presumed that the judgment of the trial court was in accordance with the law and the evidence.

The facts are stated in the opinion.

*Messrs. Acuña & Méndez* for appellant.

*Mr. Freyre Barbosa* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an ejectment suit. It was brought by the appellant against the respondent in the District Court of San Juan, alleging that the plaintiff was the owner of 50 acres of land, more or less, with a dwelling house thereon, situated in the ward of Hato Texas, in Bayamón, giving the boundaries thereof. The defendant answered the complaint, and judgment was rendered in his favor on the 19th of August, 1905. On the trial various documents were introduced in evidence on each side of the case, and witnesses testified verbally in favor of the respective parties.

The plaintiff, having lost his case in the court below, took an appeal to this court, and sets out various breaches of statute law to the number of seven, which are enumerated in his brief. He concludes by asking this court to render a judgment reversing the judgment of the court below, and declaring that the real estate described in his petition was the exclusive property of the appellant, Jose Inés Acevedo, and also declaring null the title of the defendants, and its inscription in the record, requiring the appellee to pay, by way of damages, the sum of $300, and all costs of the suit.

Although the new Code of Civil Procedure was in force for several months before the institution of this suit, there is no bill of exceptions nor statement of facts contained in the record, as required by the said Code. The evidence brought before the court below was not only documentary, but oral, and certainly in so far at least as the oral evidence is concerned, the facts should have been presented to this court either by a bill of exceptions or a statement of facts, in order to merit and receive our consideration. This has been decided here in the case of *The People of Porto Rico* v. *Pascual Borrás and others,* in which the opinion was rendered on the 24th of November, 1905 (9 P. R. Rep., p. 370), and in the case of *The People of Porto Rico* v. *Osvaldo Laborde,* in which the opinion was rendered on the 4th of December, 1905 (*Id.,* p. 403).

These decisions were certainly correct, being founded on oral evidence entirely, and inasmuch as the oral testimony in this case was necessary to the decision rendered by the court below, and is necessary to the consideration of the legal proposition submitted to this court, we cannot reverse the decision of the court below without a bill of exceptions or a statement of facts. If we decided that the district court erred in holding that the complaint presented in the ejectment suit was not sustained by the evidence adduced, the oral as well as the documentary, and the oral evidence not being presented to this court in the manner prescribed by law, it cannot be considered here; thus rendering it impossible for us to reverse the judgment of the court below.

In the absence of a bill of exceptions or a statement of facts, or a statement of the case, as provided for in the Code of Civil Procedure, it must be presumed in this court that the facts necessary to establish the claim of the plaintiff to the land in question were not properly proven in the district court, the judgment of that court being presumed to be correct, in the absence of anything properly shown to this court to the contrary.

Inasmuch as no fundamental error appears in the judgment of the District Court of San Juan, and as the proof offered and considered by the said court is not all before this court, there is nothing to justify us in setting aside the judgment from which this appeal is taken, or granting a new trial, or rendering a judgment here in favor of the appellant, either for the land or the damages, as we are requested to do.

Taking all these matters into consideration, it appears to us to be clear that the judgment of the District Court of San Juan, rendered in this case on the 19th of August, 1905, should be in all things affirmed, with the costs of this appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.